IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERNA BRAMBERGER, Personal
Representative of the Estate of
Johann Bramberger, Deceased,

                Plaintiff,           Case No. 3:10 CV 1626

    -vs-

                                MEMORANDUM OPINION
                                  AND ORDER

TOLEDO HOSPITAL, et al.,

                Defendant.

KATZ, J.

      Currently pending is Plaintiff's motion to remand back to the state court from which this matter was removed over two and a half years ago. All remaining defendants oppose. For the reasons that follow, Plaintiff's motion is denied.

**I. Discussion**

      The impetus for removal and the basis of this Court's original jurisdiction were Plaintiff's wrongful death and negligence claims against the federal government ("government"), which were brought pursuant to the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 1346(b) (exclusive jurisdiction over FTCA claims rests with federal district courts). Additionally, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over state law claims brought against Defendants Toledo Hospital, Northwest Ohio Cardiology Consultants ("NWOCC"), and NWOCC physician Dr. Jeffrey McClure. The Court must now decide whether to grant Plaintiff's motion to remand in light of the Court's September 24, 2012 opinion, which dismissed the government and necessarily removed original jurisdiction. *See* Doc. 97, *Bramberger v. Toledo Hosp.*, No. 3:10-cv-

1626, 2012 U.S. Dist. LEXIS 136486 (N.D. Ohio Sept. 24, 2012) (hereinafter, "Choice of Law Op.").

The parties agree that the decision whether to remand is entrusted to the discretion of the Court. As explained by the Sixth Circuit:

> Section 1367 provides . . . that a district court "may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The district court should consider such factors as comity, judicial economy, convenience, and fairness in deciding whether to exercise jurisdiction over pendent state law claims, as well as the avoidance of unnecessarily deciding state law. *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620-21 (6th Cir. 1999). If the "balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (footnote omitted). However, this is not "a mandatory rule to be applied inflexibly in all cases." *Id.* at 350 n.7.

*Fossyl v. Milligan*, Nos. 07-4546, 07-4548, 2009 U.S. App. LEXIS 5645, at **12-**13 (6th Cir. Mar. 18, 2009). The Court declines to remand the case.

Comity and fairness favor maintaining the action in this Court. Plaintiff filed the instant motion to remand two months after the parties filed agreed-upon discovery and trial schedules, nearly three months after the parties conferenced with the Court regarding how to proceed in the wake of the government's dismissal, and three and a half months after this Court was deprived of original jurisdiction by way of the government's dismissal. Further, judicial economy and convenience favor keeping the action in this Court. Regarding resources spent on litigation and discovery, the last thirty months in which the action has been pending in this Court have seen an extensive choice of law analysis briefed by the parties and decided by the Court. *See* Choice of Law Op., *supra*. While Plaintiff correctly points out that the dispositive motion deadline remains

months away, the parties have already engaged in significant written discovery and document production, and a dozen depositions have already been taken. The Court therefore concludes it should exercise its supplemental jurisdiction over the remaining claims.

**II. Conclusion**

For the reasons stated herein, Plaintiff's motion to remand is DENIED. Doc. 103.

IT IS SO ORDERED.

                                              DAVID A. KATZ
                                              U. S. DISTRICT JUDGE